GastoN, J.
 

 Jesse Witherspoon, on the 20th of February, 1838, executed a conveyance to the defendants of all his property upon certain trusts, for the payment of his creditors and the indemnity of bis sureties, and some time thereafter died insolvent. The plaintiffs, who are of the number of the creditors and sureties to be provided for by the conveyance, have filed this bill against the trustees, alleging that the other claimants under the deed have either been satisfied by the defendants or have compromised with them, and that the trustees have sold enough of property, and collected enough of the debts assigned them, or might have sold and
 
 *548
 
 collected enough, to discharge all the demands upon the trust funds, and demand an account from the defendants and the payment of what shall be thereon found due. The defendants have answered the bill. In the first part of their answer they set up as a conclusive defence to the bill, that they have stated an account with the plaintiffs in the premises, which they aver to be, to the best of their knowledge and belief, a full, just and true account, and have settled with them accordingly. This account they aver to have been signed by the plaintiffs, Norcom and Green, and to have been exhibited to and approved of by the other plaintiffs.— Insisting upon this defence, as if it had been specially pleaded in bar, they nevertheless proceed to set forth a statement, exhibiting the amount of their sales and collections, and of their disbursements, charges and payments, which they aver to have been made up by their attorney and counsellor, to be signed by some and approved by others of the claimants, and which they declare contains as they believe no errors, except certain errors afterwards discovered to be errors against themselves, and that, upon discovering these, and for the purpose of correcting them, they deducted a certain per cent-age .from the sums, which, according to that statement, were due to the respective claimants. They further admit that, in this statement, a parcel of uncollected notes and demands conveyed by the deed were no way noticed, but they aver that
 
 these
 
 are nearly, if not utterly worthless, and that the defendants have not been guilty of neglect in failing to collect them, and they declare that they have proffered and now proffer to give these up to the claimants under the deed of trust.
 

 We find it difficult to reconcile the different parts of this answer tagether. The latter seems to overrule the former part.
 
 That
 
 account cannot be a “full one” which is admitted not to embrace all the matters of account. It cannot be a “ just” stated account, if ascertained to contain important errors, which the defendants have, however fairly, undertaken subsequently to correct — and the payments according to the corrections
 
 so made,
 
 cannot be held to be pay
 
 *549
 
 ments in full of the balances previously stated. But how ever this may be, there is a general replication to the answer, and no evidence whatever is offered by the defendants to prove their “ accounts stated.”
 

 As the defendants do not object, because the other persons interested in the trusts have not been made parties, we think there must be a reference to take the accounts as prayed for. If in taking these accounts, it shall appear that a partial settlement has been in fact made with the plaintiffs, the commissioner will of course respect it, so far as it extends, unless shewn to be erroneous, or to have been improvidently made.
 

 Per Curiam. Reference ordered accordingly.